UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

| | |
|---|---|
| SAMARITAN ALLIANCE, LLC<br>d/b/a SAMARITAN HOSPITAL, et al. | CHAPTER 11<br>CASE NO. 07-50735 |
| DEBTORS | JOINTLY ADMINISTERED |

**MOTION OF FEDERAL INSURANCE COMPANY FOR RELIEF FROM
STAY TO PERMIT ADVANCEMENT AND/OR PAYMENT OF
DEFENSE COSTS UNDER THE DEBTOR'S INSURANCE POLICY**

Comes Federal Insurance Company ("Federal"), by counsel, and enters a limited appearance solely for the purpose of moving this Court for entry of an Order pursuant to 11 U.S.C. § 362(d)(1) and all other applicable law, modifying the automatic stay and other applicable injunction(s), if any, to permit the advancement and/or payment, under an insurance policy issued to Associated Healthcare Systems, Inc. ("AHS") and certain subsidiaries, including Debtors in this action, of defense costs incurred and being incurred by current and former directors and/or officers of AHS in proceedings commenced by the Internal Revenue Service ("IRS") against those individuals. While Federal believes that it may make these payments without violating the automatic stay, it nonetheless asks that relief from the stay be granted to the extent such relief might be deemed required. Federal does not consent to jurisdiction over it for any other purpose and respectfully submits as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

1

## BACKGROUND

2. Commencing on April 16, 2007 (the "Petition Date"), Associated Healthcare Systems of Lexington, LLC ("AHSL"), and certain affiliated entities filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). During the course of the bankruptcy, the Debtors' assets were liquidated and the Amended Plan of Liquidation [Doc. No. 480] was confirmed by Order entered November 9, 2007 [Doc. No. 512].

3. Federal issued Policy No. 8209-3658 (the "Policy") to AHS for the policy period December 1, 2007 through December 1, 2008 (attached hereto as Exhibit "A"). The Policy (subject to its terms, conditions, limitations and exclusions), requires Federal to provide coverage, inter alia, for **Loss**, including **Defense Costs**, that AHS, its **Subsidiaries**, or their directors or officers become legally obligated to pay on account of a covered **D&O Claim** or **Insured Organization Claim**, as those terms are defined in the Policy.[1] The Policy has a Limit of Liability of $1 million. As subsidiaries of AHS, certain of the Debtors are insured under the Policy.

4. The IRS has issued Form 1153 Letters and Form 2751 Notices to certain current and former directors and officers of AHS (the "IRS Letters"), including A. Ronald Turner, James Marshall and Richard McBryde. The IRS Letters contend that certain current or former subsidiaries of AHS failed to remit trust fund taxes due to the IRS. The IRS proposes to collect a Trust Fund Recovery Penalty against these individuals for the amounts allegedly due to the IRS.

5. Federal has agreed to advance **Defense Costs** incurred by these current and former officers and/or directors in responding to the IRS Letters, subject to a full reservation of rights.

---

[1] Words in bold type are defined terms in the Policy.

2

6. Federal believes that it may indemnify its insureds for past and future **Defense Costs** incurred in responding to the IRS Letters without further approval from the Bankruptcy Court. Nevertheless, Federal is concerned that there is a possibility that making any further payment under the Policy for **Defense Costs** for the AHS officers and directors might be deemed to violate the automatic stay in this bankruptcy proceeding. Thus, absent a clarifying ruling from the Court providing relief from the automatic stay to permit advancement of **Defense Costs**, Federal may not pay or advance **Defense Costs** without running the risk that such payments or advancements may be determined to violate the automatic stay, thereby subjecting itself to being in contempt of Court.

## RELIEF REQUESTED

8. Pursuant to 11 U.S.C. § 362(d), Federal requests relief from the automatic stay (or any other applicable injunction) and entry of an Order that authorizes Federal to pay and/or advance the costs of defense, including attorney's fees, that Federal determines are covered, owed or may otherwise be advanced under the Policy, to or for the benefit of any of current or former directors/officers of AHS or its subsidiaries who presently have received or who later receive Form1153 Letters or IRS Form 2751 from the IRS. This request, and any payment by Federal, would be subject to Federal's reservation of rights to deny or limit coverage on any applicable ground, including without limitation those rights previously reserved.

## GROUNDS FOR RELIEF

9. Section 362(a) of the Bankruptcy Code provides that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Section 541(a)(1) of the Bankruptcy Code

provides that a debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy estate also includes "[p]roceeds . . . of or from property of the estate," 11 U.S.C. § 541(a)(6), and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). However, "the estate in bankruptcy only includes property to which the debtor would have had a right if the debtor were solvent." First Fidelity Bank v. McAteer, 985 F.2d 114, 117 (3d Cir. 1993). Thus, relief from an automatic stay is of course necessary only to the extent that the debtor's property interests are implicated.

### *The Automatic Stay Does Not Enjoin Federal From Making Payment For Defense Cost Incurred In Responding to the IRS Letters*

10. Courts generally agree that an insurance policy is property of the estate. See In re Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993); In re St. Clare's Hosp. and Health Center, 934 F.2d 15, 18 (2d Cir. 1991); In re Medex Reg'l Labs, LLC, 314 B.R. 716, 720 (Bankr. E.D. Tenn. 2004). It is equally well established, however, that a bankruptcy estate's ownership of an insurance policy is not determinative of the ownership of proceeds of that policy. See, e.g., McAteer, 985 F.2d at 117; In re Arter & Hadden, L.L.P., 335 B.R. 666, 671 (Bankr. N.D. Ohio 2005). See also Louisiana World Exposition, Inc. v. Federal Ins. Co., 832 F. 2d 1391, 1401 (5th Cir. 1987) (the ownership of a policy "does not inexorably lead to ownership of the proceeds"). Therefore, the pivotal issue is not who owns the policies, but rather who owns the proceeds. McAteer, 985 F. 2d at 117.

11. In order to determine the parties' respective rights with regard to the insurance proceeds, one must consider the nature and type of insurance policy involved, and its relationship to the property of the bankruptcy estate. In re Feher, 202 B.R. 966, 970 (Bankr. S.D. Ill. 1996). For instance, courts often make a distinction between insurance policies whose proceeds are

4

typically made payable to the debtor, such as casualty, collision or fire insurance, and those policies in which payment is usually made to a third party, such as a creditor or an injured plaintiff, as is the case with a standard liability policy. See, e.g., In re Edgeworth, 993 F.2d at 56. Thus, the key question in determining if the insurance proceeds are actually property of the estate is "whether the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim." Id. at 55. If the answer to this question is "yes," then the proceeds of the policy are the property of the estate; however, if the answer is "no," then the proceeds are not property of the estate and they may not be used to enhance the bankruptcy estate for other creditors. In re Sfuzzi, Inc., 191 B.R. 664, 668 (Bankr. N.D. Tex. 1996); see also In re MCSi, Inc., 371 B.R. 270, 274 (S.D. Ohio 2007); In re Scott Wetzel Services, Inc., 243 B.R. 802, 804-05 (Bankr. M.D. Fla. 1999); In re Florian, 233 B.R. 25, 27 (Bankr. Conn. 1999).

12.  With regard to payments for **Defense Costs**, the Debtors clearly would not have a right to receive and keep those proceeds, and so the proceeds should not be viewed as the property of the estate. Instead, the Policy provides that Federal "shall pay" for **Loss** which the **Insured Person** becomes legally obligated to pay on account of any **D&O Claim**. See Policy, Executive Liability Coverage Section, Insuring Clause 1, p. 4 of 32.  Such **Loss** includes **Defense Costs**. See Policy, Executive Liability Coverage Section, Definition of **Loss** (a)(vii), p. 9 & 10 of 32.  **Defense Costs** incurred in the defense of AHS against any "**Claim**" are considered to be "part of and not in addition to the Limits of Liability . . . ." Policy, Executive Liability Coverage Section, at ¶ 16(e), Limit of Liability, Retention and Coinsurance, p. 24 of 32.

13.  Thus, those proceeds from the Policy would not go directly to the Debtors, but rather would be used to pay the fees of the lawyers retained to defend the AHS officers and directors with respect to the IRS Letters. Clearly, such payments, which Federal is obligated to

make on "behalf of" the **Insureds**, are not like payments from a casualty or fire insurance policy, in which the debtor directly receives the insurance proceeds as merely a change in the form of pre-existing estate property.  See In re Scott Wetzel Services, Inc., 243 B.R. at 805.  Therefore, since the Debtors would not be able to simply keep payments made from the Policy, the proceeds are not part of the bankruptcy estate.

14.    Furthermore, it is axiomatic that "the estate's legal and equitable interest in property rise no higher than those of the debtor."  In re Gagnon, 26 B.R. 926, 928 (Bankr. M.D. Pa. 1983).  Consequently, the owner of an insurance policy cannot obtain more rights to the proceeds of an insurance policy than he would otherwise have under the policy by merely filing a bankruptcy petition.  In re Jones, 179 B.R. 450, 455 (Bankr. E.D. Pa. 1995) (citing First Fidelity Bank v. McAteer, 985 F.2d 114, 117 (3d Cir. 1993)).  For that reason, "the debtor's rights to the proceeds of his policy are inevitably subject to the contractual restrictions in his insurance policy."  Id.

15.    In this case, the proceeds of the Policy are not like a bank account to which the debtor has unrestricted access.  Instead, under the insurance contract between Federal and AHS, Federal is not required to make any disbursement of Policy proceeds unless the payment is for "**Loss**" as that term is defined in the Policy.  Conversely, if the Debtors were solvent, they would not have the right to possess Policy proceeds that were supposed to be directed towards the payment of legal fees related to the defense of a "**D&O Claim**."  Rather, Federal would make payments under the Policy either to the law firm representing the directors/officers in the defense of a "**Claim,**" or as reimbursement to the **Insureds** if the **Insureds** had already made payments to the firms defending them, until the limits of the Policy are exhausted.  Notably, the payment of such **Defense Costs** reduces the available Limit of Liability under the contract.  The

6

estate is subject to the same conditions and limitations as the debtors would be, and cannot claim any ownership interest in the Policy proceeds.

### *Even if the Policy Proceeds Were Property of the Estate, Federal Would Still be Entitled to Relief from the Automatic Stay to Pay Defense Costs*

16.     Since a debtor does not actually own the proceeds of an insurance policy which have already been committed to payment of an insurable loss occurring prior to bankruptcy, Federal believes that it may fulfill its contractual obligations under the Policy and pay the **Defense Costs** for legal services rendered thus far with respect to the IRS Letters without violating the automatic stay (and without further approval from the Bankruptcy Court). However, Federal acknowledges that these insurance proceeds <u>might</u> be viewed as—or at least argued to constitute—property of the estate (to the extent coverage exists). Therefore, whether or not the Court finds that the Policy proceeds are property of the estate, Federal asks that relief from the stay be granted so that it may pay and/or advance the cost of defense for the benefit of the AHS directors/officers, to the degree that such relief is required.

17.     Here, the Policy provides "entity coverage" to AHSL for covered claims against it. Because the Policy provides AHSL with "entity coverage," it is possible that AHSL may have a legally cognizable interest in the proceeds of the Policy to the extent that any payments under the Policies would "inure to the [Debtors'] pecuniary benefit." <u>In re Edgeworth</u>, 993 F.2d at 55-56; <u>see also</u> <u>Louisiana World Exposition</u>, 832 F.2d at 1400 (noting that where a policy covers the bankrupt corporation itself, "the estate owns not only the policies, but also the proceeds designated to cover corporate losses or liability"); <u>In re Sacred Heart Hospital</u>, 182 B.R. 413, 420 (Bankr. E.D. Pa. 1995). The proceeds of the Policies, therefore, could potentially be characterized as property of the bankruptcy estate, and thus subject to the automatic stay imposed by § 362(a). See <u>In re Youngstown Osteopathic Hosp. Assoc.</u>, 271 B.R. 544, 548

7

(Bankr. N.D. Ohio 2002); see also In re Leslie Fay Cos., Inc., 207 B.R. 764 (Bankr. S.D.N.Y. 1997).

18. However, even if the estate does own the insurance proceeds, Federal is still entitled to relief from the automatic stay so that it may pay **Defense Costs** with respect to the IRS Letters out of the Policy proceeds. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . for cause." Further, the Bankruptcy Court has general equitable powers, as codified in section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" 11 U.S.C. § 105(a).

19. "Cause" exists for relief from the stay here. As noted above, under the Policy, Federal is obligated to make payments for those costs that are related to the defense of "**Claim**" as that term is defined by the Policy, unless and until the limits of the Policy have been reached. Therefore, to the extent that Federal has agreed to provide coverage for **Defense Costs** incurred by former directors/officers of AHS in response to the IRS Letters under a reservation of rights, those costs should be paid or advanced, as appropriate.

WHEREFORE, Federal respectfully requests that the Court enter an order granting the relief requested herein, and such other and further relief as may be just.

## NOTICE

Please take notice that unless an objection to the foregoing, properly noticed for hearing, is filed within fifteen (15) days of the date of service of this pleading, an order granting the relief requested may be entered without a hearing.

Respectfully submitted,

WISE DELCOTTO PLLC


/s/ Tracey N. Wise, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
E-mail: twise@wisedel.com

and

Michelle Kisloff, Esq.
HOGAN & HARTSON, LLP
Columbia Square
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637-5600

COUNSEL FOR FEDERAL
INSURANCE COMPANY


**CERTIFICATE OF SERVICE**

This document has been electronically filed and served via the Court's ECF System on December 22, 2009, and served via first class mail (without the exhibits), postage prepaid, upon the following:

Associated Healthcare Systems, Inc.
214 Overlook Court
Suite 260
Brentwood, TN 37027

/s/ Tracey N. Wise, Esq.
COUNSEL FOR FEDERAL
INSURANCE COMPANY

Z:\Clients\Federal Insurance Company (.2)\Pleadings\Federal Relief Motion for Relief F 20091222.doc